[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for dissolution of marriage was commenced by the plaintiff Sharon A. Anziano against the defendant Dennis J. Anziano by writ, summons and complaint dated July 8, 1997 and returned to this court on August 5, 1997. Her maiden name was Sharon Anderson and the parties were intermarried on November 23, 1968 in Middletown, Connecticut. The plaintiff has resided continuously in this state for at least twelve months preceding the filing of this action. There are no children who are minors born to the plaintiff since the date of the marriage and neither of the parties are receiving state, federal or public assistance at this time.
Based upon the credible, relevant and admissible evidence admitted during the hearing herein, the following constitute the findings of fact and conclusions of law.
The marriage has broken down irretrievably and there is no hope of a reconciliation of the parties.
These parties mutually supported each other during the course of the marriage until their separation on or about October 15, 1997. Without doubt there were several stormy and contentious periods during CT Page 6056 the marriage and the parties did separate for short periods of time, the mother leaving to return to her parents, based upon her claims of mistreatment by the defendant. There is no question that at various times the defendant acted in a threatening manner and was guilty of some assaultive behavior to the plaintiff. The plaintiff also practiced the same conduct on the defendant but to a lesser degree.
Early on the plaintiff supported the defendant in his continuing education, he being a college graduate with an MA degree, in his procession through the ranks of Middletown Police Department. He was a sergeant in 1976, and made lieutenant in 1981 and thereafter was selected and appointed to be, and became, chief of police in Madison, Connecticut.
His tenure in that position came to a termination on July 22, 1992 when he was fired and there were a whole series of administrative hearings and lawsuits that proved to be the momentous event in the marriage of these people, and undoubtedly contributed to the ultimate breakdown of the marriage.
The plaintiff strongly supported the defendant in his defense of the charges brought against him and indeed it was their mutual hope that he would eventually be exonerated and that they could move back into their home in Madison, which they had vacated and rented in order to help provide some income for them during this tumultuous period in their joint lives.
The parents of the defendant have made available substantial sums of money in the hundreds of thousands of dollars not only to allow the parties to purchase the home in Madison but also to aid and abet his legal defense of the various charges and legal proceedings that he found himself enmeshed in.
The plaintiff was very supportive of the defendant and indeed the court finds that the only reason that the litigation surrounding his termination was not settled with some benefits for the defendant was that the plaintiff would not agree to accept the settlement offer from the town of Madison that did not include health insurance.
Thereafter, the case not having been settled, the defendant ultimately suffered an adverse decision and was terminated and will receive no benefits for his time of employment as chief of police in Madison. CT Page 6057
Since the time of his termination, the defendant has tried very extensively to locate employment elsewhere in his qualified field of endeavor, being public administration and/or police work or police/security work. He has met with absolute roadblocks in conjunction with any attempts to secure gainful employment for himself. It is concluded as a result of these unsuccessful efforts that the defendant is virtually unemployable in any field other than unskilled or semiskilled labor. His prospects for future employment and the acquisition of future assets are very poor.
The plaintiff is gainfully employed and her prospects for modest employment in the future remain very good.
The only asset that the parties own is the residence at 30 White Cedar Drive in Madison, Connecticut which it is found has a value of $200,000 and an existing first mortgage in the amount of $90,000. This property was acquired by virtue of a loan made to the parties by the defendant's parents, for which they signed a promissory note which has an existing balance of $70,000.
Based upon the relevant statutory criteria outlining the guidelines for the allocation of alimony and/or property settlements in domestic matters, the court finds that it is equitable and it is ordered that the parties use their best efforts to bring about a sale of the jointly owned residential premises. From the gross proceeds therefrom there is to be deducted the usual cost of sale including the real estate commission if appropriate and other joint taxes and levies. The first mortgage in the amount of $90,000 is to be paid and thereafter the amount of $70,000 is set aside to be paid to the defendant's parents in satisfaction of their joint promissory note to them. This payment shall he made only upon the condition that the parents release at the time the $150,000 mortgage which was executed by the defendant in their favor during the course of this litigation and which is the subject of an existing lawsuit Dominick Anziano and Pauline Anziano vs. Dennis J. Anziano and Sharon A. Anziano, Middletown Superior Court, Docket #CV98-0084786. They should also release any other liens they may have acquired. Thereafter, any net balance remaining from the proceeds of the sale shall be divided equally between the parties.
The defendant is ordered to make appropriate minimal payments on the credit card debt of the parties and at the time of the disbursements of the net equity from the property, the parties shall equally share in the satisfaction of any outstanding credit CT Page 6058 card accounts as indicated on their financial affidavits.
The court declines to enter an order of alimony in favor of the plaintiff since it does not appear that the future prospects for employment of the defendant are anything other than minimal . . .
The defendant has no pension or benefit rights from his last employment with the town of Madison, but does have a vested pension from his prior employment with the city of Middletown which will mature and become payable on January 14, 2013. The monthly stipend therefrom is found to be $742.68. In the event the plaintiff shall survive to that date, she shall be awarded the sum of thirty percent of said pension, or $222.60 a month and the balance of said pension is allocated to the defendant. In the event she shall not survive to that time the entire pension is awarded to the defendant.
The parties were unable reach an agreement concerning the disposition of personal property and the number of pieces in contest appear to be so few that the court declines to require them to expend a substantial sum of money in order to put in place a court monitored disposition of the property. The court awards all the household furnishings to the plaintiff except the following items which are set over and allocated to the defendant to be his absolutely:
The kitchen set; dining room set; gun cabinet and guns; coffee table; a glass top coffee table; one living room end table with a lamp; and a mauve reading chair.
The plaintiff is permitted to resume the use of her maiden name, Sharon Kathleen Anderson.
It is so ordered.
HIGGINS, J.